IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| STANLEY RUHLAND, Individually and as Executor of the Estate of JOANNE CALDARARO RUHLAND,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL RODRIGUEZ DIAZ and KAYLA TRANSPORT, INC.,<br><br>Defendants. | Civil Action No.: **2:21-cv-3990-BHH**<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Stanley Ruhland, Individually and as Executor of the Estate of Joanne Caldararo Ruhland ("Plaintiff"), by and through his undersigned attorneys, hereby complains of Defendants Michael Rodriguez Diaz ("Diaz") and Kayla Transport, Inc. ("Kayla") (collectively, "Defendants") as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is a civil action for damages arising out of a motor vehicle collision that occurred on October 14, 2021, on Interstate 26 near Saint George in Dorchester County, South Carolina.

2. Plaintiff is domiciled in and a citizen of the State of North Carolina. Plaintiff is the duly appointed Executor of the Estate of Joanne Caldararo Ruhland (the "Decedent") and has authority to bring this Wrongful Death action on behalf of the Decedent and her beneficiaries under the South Carolina Wrongful Death Act, S.C. Code Ann. § 15–51–10 et seq., and to bring this Survival action on behalf of the estate of Decedent pursuant to S.C. Code Ann. § 15–5–90.

3. Defendant Diaz is, upon information and belief, domiciled in and a citizen of the State of Florida.

1

4.  Defendant Kayla is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of Florida with its principal place of business in the State of Florida.

5.  The subject collision occurred while Defendant Diaz was operating a tractor-trailer in the course and scope of his employment with Defendant Kayla, which owned the tractor-trailer and at the time of the collision was actively engaged in its interstate trucking business under US DOT Number 3043230.

6.  The Court has specific personal jurisdiction over Plaintiff and Defendant Diaz as the Decedent and Diaz were operating vehicles in this District at the time of the collision, and over Defendant Kayla which employed Defendant Diaz and was actively engaged in business directly related to the collision.

7.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity among the parties and Plaintiff's damages exceed Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

8.  Pursuant to 28 U.S.C. § 1332(b) and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division because the most substantial part of the acts and omissions giving rise to this claim occurred in Dorchester County, South Carolina.

## FACTS

9.  On October 14, 2021, the Decedent was a front-seat passenger in a 2005 Toyota sedan being operated by her sister, Marie Elena Caldararo ("Caldararo"), on Interstate 26 in Dorchester County, South Carolina.

10. At the same time, Defendant Diaz was operating a tractor-trailer and carelessly and unlawfully rear-ended a nearby vehicle.

11. Following Diaz's impact with the other vehicle, Diaz's tractor-trailer continued through traffic and ultimately rear-ended Caldararo's vehicle in which the Decedent was a passenger.

12. The collision between Diaz's tractor-trailer and Caldararo's vehicle caused Caldararo's vehicle to spin forward and strike another vehicle before exiting the roadway into a ravine.

13. Caldararo's vehicle thereafter burst into flames, causing the deaths of the Decedent and Caldararo.

14. At the time of the collision, Defendant Diaz was acting in the course and scope of his employment with Defendant Kayla, which owned the tractor-trailer.

15. As a direct and proximate result of the collision, the Decedent suffered great physical harm, pain and suffering, and injuries, and ultimately died as a result thereof.

16. Upon information and belief, Defendants' breaking system on the subject tractor-trailer, in whole or in part, was not functioning properly at the time of the incident, and Defendant either knew or should have known about these issues.

17. Upon information and belief, Defendant Diaz, while driving the identical tractor-trailer involved in the subject incident, was previously involved in another motor vehicle collusion on or around September of 2021 wherein he unlawfully struck another vehicle and/or caused severe bodily injury.

### **FOR A FIRST CAUSE OF ACTION**
(*Negligence/Gross Negligence/Recklessness, Negligence Per Se, Respondeat Superior*)

18. Plaintiff realleges and reavers the foregoing paragraphs as if set forth fully herein.

19. Defendant Diaz owed a duty to Plaintiff and the Decedent to operate his tractor-trailer in a safe and reasonable manner, and in accordance with state and federal law.

20. Defendant Diaz breached his duty to use due care or even slight care in operating his tractor-trailer, and he was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in numerous particulars, including but not limited to:

    a. failing to maintain proper control of his vehicle;

    b. failing to keep a proper lookout;

    c. driving while inattentive or distracted;

    d. failing to properly apply brakes;

    e. driving at an excessive and unreasonable rate of speed under the conditions;

    f. failing to operate the vehicle in a safe manner;

    g. acting in violation of applicable state and federal statutes and regulations;

    h. acting in violation of FMCSA's regulations and industry standards;

    i. driving at an excessive and unreasonable rate of speed under the conditions;

    j. failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing;

    k. failing to properly maintain, inspect, and service his tractor-trailer and the component parts of same, including but not limited to the brakes of the tractor-trailer; and

    l. in such other and further particulars as the evidence at trial may show.

21. Defendant Kayla is vicariously liable for all acts and omissions of Defendant Diaz pursuant to the doctrine of *respondeat superior*.

22. As a direct and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, the Decedent experienced severe injuries, conscious pain and suffering, and mental anguish prior to her death.

23. As a direct and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, the Decedent's beneficiaries, as represented by Plaintiff, have suffered injuries which have caused, and in the future will cause, the beneficiaries to suffer on or more of the following elements of damages:

    a. pecuniary loss;

    b. mental shock and suffering;

    c. wounded feelings;

    d. grief and sorrow;

    e. loss of companionship; and

    f. deprivation of use and comfort of the Decedents' society.

24. Due to the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, Plaintiff is entitled to recover actual and punitive damages as determined by a jury.

## FOR A SECOND CAUSE OF ACTION
### (*Wrongful Death*)

25. Plaintiff realleges and reavers the foregoing paragraphs as if set forth fully herein.

26. As a direct and proximate cause of Defendants' negligence, negligence *per se*, recklessness, willfulness, and/or wantonness as set forth herein, Plaintiff and all statutory beneficiaries of the Decedent have lost the comfort, society, and companionship of the Decedent, have suffered severe and extreme emotional distress, anxiety, grief, and sorrow, and have incurred funeral and burial expenses for which Plaintiff is entitled to recover damages on behalf of the Decedent's statutory beneficiaries against both Defendants, jointly and severally.

27. Plaintiff is entitled to an award of punitive damages against each Defendant for the wrongful death of the Decedent.

28. Plaintiff is entitled to an award of prejudgment interest against Defendants, jointly and severally, for all liquidated damages on the wrongful death claim.

## FOR A THIRD CAUSE OF ACTION
### (*Survival*)

29. Plaintiff realleges and reavers the foregoing paragraphs as if set forth fully herein.

30. As a direct and proximate cause of Defendants' negligence, negligence *per se*, recklessness, willfulness, and/or wantonness as set forth herein, the Decedents were each forced to endure great conscious pain and suffering prior to their deaths, and Plaintiff is entitled to an award of actual, consequential, and incidental damages against Defendants, jointly and severally, for these survival damages.

31. Plaintiff is entitled to an award of prejudgment interest against Defendants, jointly and severally, for all liquidated damages on the survival claim.

WHEREFORE, having pleaded his claims against Defendants, Plaintiff prays for judgments against Defendants Michael Rodriguez Diaz and Kayla Transport, Inc., jointly and severally, for actual, consequential, and incidental damages caused by their acts and omissions; for punitive damages; for the costs of this action; and for such other and further relief as this Court deems just and proper.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

**YARBOROUGH APPLEGATE, LLC**

291 East Bay Street, Floor 2
Charleston, South Carolina 29401
(843) 972-0150 Office
(843) 277-6691 Fax
douglas@yarboroughapplegate.com
perry@yarboroughapplegate.com
john@yarborougapplegate.com

s/ Douglas E. Jennings
Douglas E. Jennings (Fed ID # 11348)
Perry M. Buckner, IV (Fed ID # 11298)
John J. Dodds, IV (Fed ID # 12646)

*Attorneys for Plaintiff*

December 9, 2021
Charleston, South Carolina